UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GURDEEP SINGH,<br><br>Defendant. | No.  2:15-cr-00015-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Gurdeep Singh's ("Defendant") Emergency Request of Modification of Imposed Term of Imprisonment.  (ECF No. 227.)  The Government filed an opposition.  (ECF No. 228.)  Defendant has not filed a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

On August 17, 2018, Defendant pleaded guilty to one count of violating 21 U.S.C. §§ 841(a)(1), 846 – Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine. (ECF No. 215.) On November 16, 2018, Defendant was sentenced to 46 months of imprisonment, 24 months of supervised release, and $100 special assessment. (ECF No. 219.) Defendant was serving his sentence at FCI Taft but upon its closure was transferred to FTC Oklahoma. Defendant's projected release date is in March 2022.

On April 4, 2020, Defendant filed an Inmate Request to Staff at FCI Taft requesting immediate transfer to home confinement due to the COVID-19 pandemic. (ECF No. 227 at 29.) On April 6, 2020, the Taft Executive Assistant Grievance Coordinator issued a statement to the camp inmate population that due to multiple requests to staff and lack of guidance from the Bureau of Prisons ("BOP"), no individual responses to the requests would be provided. (*Id.* at 41.) On April 14, 2020, Defendant filed the instant motion asserting he is at risk of contracting COVID-19 and requesting he be released to home confinement. Defendant is 47 years old and has been diagnosed with high cholesterol. (ECF No. 215 at 10.) Defendant argues his age, medical condition, and sex put him at a greater risk of contracting COVID-19, whether at FCI Taft, in transit, or at his new institution. The Government opposed on April 21, 2020 arguing this Court does not have jurisdiction to designate the place of Defendant's imprisonment under 18 U.S.C. § 3621 and cannot rule on Defendant's motion under 18 U.S.C. § 3582(c) because Defendant has not exhausted his administrative remedies. The Government further argues Defendant failed to demonstrate extraordinary and compelling reasons to warrant his release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

2

1    In the instant case, Defendant filed a compassionate release request with his institution as
2 required by 18 U.S.C. § 3582(c)(1)(A) on or around April 4, 2020.  FCI Taft responded indicating
3 Defendant's request would not be considered and he needed to file a request with his new
4 institution once he was transferred.  (ECF No. 227 at 41.)  Defendant filed this motion before he
5 exhausted all administrative remedies and before 30 days had elapsed since filing his request with
6 FCI Taft.  Therefore, Defendant has not met the exhaustion requirements.  However, Defendant
7 argues the Court should overlook his failure to exhaust because it is excusable under the
8 circumstances.

9    It is unclear whether the Court has the authority to excuse the exhaustion requirement
10 under 18 U.S.C. § 3582(c)(1)(A).  Some courts have excused exhaustion in the face of the
11 unprecedented COVID-19 pandemic, other courts have not.  For example, district courts are
12 divided in the Southern District of New York, an epicenter of the COVID-19 pandemic.  Some
13 courts in that district have excused the exhaustion requirement under the following: (1) where
14 exhaustion would be futile; (2) where the administrative process would be incapable of granting
15 adequate relief; or (3) where pursuing agency review would subject petitioners to undue
16 prejudice.  *See, e.g.*, *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2
17 (S.D.N.Y. Apr. 1, 2020) (citations and quotation marks omitted).  Other courts in the same district
18 have declined to excuse the mandatory exhaustion requirement in the absence of clear
19 Congressional approval to do so.  *United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL
20 1862251, at *1 (S.D.N.Y. Apr. 14, 2020) ("The Supreme Court has explained that courts should
21 not read futility or other exceptions into statutory exhaustion requirements where Congress has
22 provided otherwise.") (citation and internal quotation marks omitted).  In declining to excuse the
23 exhaustion requirement, the *Gross* court acknowledged the "growing split" and stated that "the
24 patchwork approaches of courts in this Circuit underscore a great need for clarity — and a more
25 comprehensive solution — from Congress." *Id.* at *2.
26 ///
27 ///
28 ///

3

1. There is no binding authority in the context of release requests related to the COVID-19 pandemic. Regardless, this Court need not and does not decide the issue because Defendant fails to persuade the Court that the particular circumstances of his case warrant such a waiver. In this instance, Defendant has approximately 23 months left on his sentence. As such, exhaustion would not be futile because he is not scheduled to be released before the 30 days have elapsed. Further, there are additional administrative remedies that can grant adequate relief. Similarly, while COVID-19 is a danger within our prisons, it is not limited to prisons. Waiting the required 30 days would not impose undue prejudice on Defendant. Therefore, the Court concludes there are no grounds to excuse Defendant's failure to satisfy the exhaustion requirement and his failure to exhaust provides a basis on which to deny his motion without reaching the merits. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust administrative remedies in denying a COVID-19 compassionate release motion).

Moreover, Defendant is not entitled to relief even if the Court reaches the merits of his motion. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

///

///

4

Under normal circumstances, the Defendant's medical conditions would in no way reach the "extraordinary and compelling" standard. His diagnosed high cholesterol is not terminal, nor does it cause serious functional or cognitive impairment such that he is unable to provide self-care while imprisoned. Further, high cholesterol is not a condition which indicates a higher risk of death from COVID-19 and Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Further, Defendant's age, 47, does not place him in a higher at-risk group. While as of the date of this order, there are 24 confirmed cases of COVID-19 at FTC Oklahoma, neither Defendant's age nor health conditions place him at higher risk than other prisoners. Defendant's concerns regarding the conditions in which he is housed and the difficulties of social distancing are understandable but do not raise to the level of "extraordinary and compelling" at this time.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion for Early Release. (ECF No. 227.)

IT IS SO ORDERED.

DATED: May 5, 2020

Troy L. Nunley
United States District Judge